# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILBERT HOLMES,<br><br>   Plaintiff,<br><br>v.<br><br>RAND BALLARD and CAPUCINE HOLMES,<br><br>   Defendants. | Case No. 2:21-cv-00981-RFB-DJA<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff Wilbert Holmes' application to proceed *in forma pauperis* (ECF No. 1). Plaintiff seeks to sue his wife and her lover for the emotional distress Plaintiff alleges he suffered from their affair (ECF No. 1-1). Although Plaintiff has demonstrated that he cannot pay the filing fee, he has not demonstrated that this Court has jurisdiction. Rather, his address and his wife's address are both in Nevada. Because the Court finds that Plaintiff cannot pay the filing fee, it grants his application to proceed *in forma pauperis*. However, because this Court does not have jurisdiction over Plaintiff's complaint as alleged, it recommends dismissal without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.  Discussion.**

   *A.  The Court grants Plaintiff's* **in forma pauperis** *application.*

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Plaintiff demonstrates that he is currently retired, owes a significant amount in debt, and has expenses that exceed his income. Based on this information, the Court finds that Plaintiff is unable to pay an initial partial filing fee and grants his application to proceed *in forma pauperis.*

### B. *The Court recommends dismissing Plaintiff's complaint without prejudice.*

The Court recommends dismissing Plaintiff's complaint for lack of jurisdiction. After granting applications to proceed *in forma pauperis*, courts screen the complaint under § 1915(e). Federal courts have authority to dismiss cases that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2). When dismissing a complaint under § 1915, the court should give the plaintiff leave to amend the complaint with directions to cure its deficiencies, unless the plaintiff cannot cure the deficiencies by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). First, under 28 U.S.C. § 1331, federal courts have jurisdiction over cases where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Emotional distress claims alone do not provide a basis for federal subject matter jurisdiction. *See Ryan v. Schutter*, No. 92-16102, 193 WL 516451, at *1 (9th Cir. Dec. 13, 1993). Second, under 28 U.S.C. § 1332, federal district courts have jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires a plaintiff to be diverse from all named defendants. *See* 28 U.S.C. § 1332.

Here, the Court lacks jurisdiction over Plaintiff's claims. Plaintiff does not cite the basis for his suit in federal court other than referencing his repeated dismissals in state court. Failure in state court is not a basis for jurisdiction, however, and Plaintiff does not establish jurisdiction under either 28 U.S.C. § 1331 or § 1332. First, Plaintiff does not have jurisdiction under § 1331 by virtue of suing under federal law or over a right that turns on the construction of federal law. Rather, he asserts emotional distress claims, which do not provide a basis for federal subject matter jurisdiction. Second, Plaintiff has not demonstrated diversity jurisdiction. Plaintiff's address on his complaint is in Nevada and, while Plaintiff listed Ballard's address as in Texas, he listed his

wife's as in Nevada. (ECF No. 1-3). Because Plaintiff and his wife both live in Nevada, they are not diverse parties, and this Court does not have diversity jurisdiction over this matter. Although it is unlikely that this deficiency can be cured, the Court recommends that Plaintiff's complaint be denied without prejudice so that Plaintiff can file an amended complaint.

## **ORDER**

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff shall not be required to pre-pay the filing fee of four hundred and two dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk's Office shall FILE Plaintiff's complaint (ECF No. 1-1) on the docket.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that if Plaintiff wishes to continue with this case, and if he can correct the deficiencies, he has until **July 12, 2021** to file an amended complaint. If the Court adopts this Report and Recommendation, and if Plaintiff choses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.

The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 29, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE